IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Darryl Keith Louis Jr., also known as Sadiq, Plaintiff, v. Joel Anderson, Defendant. | C/A No. 1:25-cv-05474-BHH **ORDER** |

Plaintiff Darryl Keith Louis, Jr., also known as Sadiq ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, has sued interim director of the South Carolina Department of Corrections ("SCDC"), Joel Anderson, in his official capacity, regarding SCDC's Grooming Policy, which does not allow him to "grow, maintain, or style hair in accordance with his religious and ethnic practice" or to have shoulder-length hair. (ECF No. 1 at 6 (edited for clarity), ECF Nos. 17, 17-1.) According to Plaintiff, the policy violates the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq*. ("RLUIPA"), the "Crown Act 2024," and his right to Equal Protection under the Fourteenth Amendment. (ECF No. 1 at 4.)

Plaintiff filed a motion for preliminary injunction, and the parties fully briefed that motion. (ECF Nos. 17, 25, 29.) The parties then filed cross-motions for summary judgment, which have also been fully briefed. (ECF Nos. 49, 64, 65, 69.)

Pursuant to the provisions of Title 28, U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), these pending motions were referred to a United States Magistrate Judge for consideration.

This matter is now before the Court for review of two Reports and Recommendations issued by Magistrate Judge Shiva V. Hodges. (ECF Nos. 40 (addressing Plaintiff's motion for preliminary injunction and hereinafter referred to as "Report 1") & 70 (addressing cross-motions for summary judgment and hereinafter referred to as "Report 2").) In Report 1, the Magistrate Judge recommends granting Plaintiff's motion for preliminary junction. (ECF No. 40.) In Report 2, the Magistrate Judge recommends granting in part and denying in part Plaintiff's motion for summary judgment. (ECF No. 70.) Specifically, the Magistrate Judge recommends granting the motion as to Plaintiff's RLUIPA claim but denying the motion as to Plaintiff's Equal Protection claim, allowing that claim to proceed to trial. (*Id.*) The Magistrate Judge also recommends denying Defendant's motion for summary judgment. (*Id.*)

Defendant filed objections to Report 1 (ECF No. 55), and both parties filed objections to Report 2. (ECF Nos. 77, 79.) Plaintiff also filed a response to Defendant's objections to Report 2. (ECF No. 83.) These matters are now ripe for review.

## FACTUAL AND PROCEDURAL BACKGROUND

Both Reports contain a detailed summary of this case and set forth the correct legal standards. Because no party objects to these portions of the Reports, the Court incorporates the facts, procedural background, and legal standards as set forth in Report 1 and 2 without further recitation.

## STANDARD OF REVIEW

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged

with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

### I. Defendant's Objections to Report 1 & 2

#### A. RLUIPA Claim

In Report 2, the Magistrate Judge first noted that the "parties do not dispute that Plaintiff has met his initial burden of proving SCDC's grooming policy implicates his religious exercise as defined by RLUIPA." (ECF No. 70 at 11.) Next, the Magistrate Judge noted that the "parties do not dispute that Plaintiff has met his burden that SCDC has substantially pressured him to modify his behavior and violate his beliefs." (*Id.* at 12.) Thus, the Magistrate Judge properly focused her analysis on whether Defendant has met his burden "to show SCDC's grooming policy is the least restrictive means of furthering a compelling governmental interest and to address alternatives brought to his attention." (*Id.*) Defendant argues that the Grooming Policy further the government's compelling interest in "(1) safety and security, (2) sanitation and hygiene, (3) limiting contraband, and

(4) identifying escaped inmates." (*Id.* at 13.) The Magistrate Judge found that the "parties do not dispute that these interests are compelling" and, therefore, her Report focused on "whether the challenged grooming policy is the least restrictive means of furthering these interests." (*Id.*) Plaintiff argues that, as applied to him, this policy is not the least restrictive means, and he also argues that the policy is underinclusive and overinclusive. (*Id.* at 14, 18.) The Magistrate Judge found that Defendant failed to address or offer evidence concerning Plaintiff's arguments and evidence. For example, the Magistrate Judge concluded that Defendant's assertion, without any supporting evidence, that compelling governmental interests apply to all inmates regardless of custody levels fails to address Plaintiff's claim that the policy is overinclusive and overly restrictive. (*Id.* at 18-20.*)* Further, the Magistrate Judge found that Defendant did not address, with the exception of Plaintiff's suggestion that SCDC employ a religious exemption to the policy, the alternatives Plaintiff proffered. (*Id.* at 21-25.) The Magistrate Judge then examined the case law cited by the parties and determined that the cases cited by Defendant are "readily distinguishable" from the instant case and noted that Defendant failed to respond to the case law cited by Plaintiff. (*Id.* at 22, 26-28.) Based on these findings, the Magistrate Judge recommends that this Court grant Plaintiff's motion for summary judgment as to his RLUIPA claim.

Defendant's first objection to Report 2 is that, in analyzing the second prong of Defendant's burden to demonstrate strict scrutiny under RLUIPA, the Magistrate Judge "disregarded much of the evidence that the Defendant has presented by way of the affidavit of Dennis R. Patterson, Sr."[1] and "failed to properly credit the inferences than can

[1] Mr. Patterson is the SCDC Assistant Deputy Director of Operations. (ECF No. 64-1 at 5.)

be reasonably drawn from the evidence presented." (ECF No. 77 at 3.) Defendant contends that Mr. Patterson's affidavit raises genuine issues of material fact in dispute that the Magistrate Judge overlooked. (*Id.* at 3-4, 10-11.) Defendant also contends that the Magistrate Judge erred in analyzing overinclusive and underinclusive issues under this prong[2] and that "the Magistrate Juge's evaluation of 'overinclusiveness' is not valid, or at the very least, presents genuine issues of material fact in dispute." (*Id.* at 6, 6 n.2, 7-8.) Defendant further claims that Mr. Patterson's affidavit addresses in detail the reasons for differential treatment of male and female inmates as it pertains to SCDC's Grooming Policy. (*Id.* at 13-14.)

After *de novo* review of the Magistrate Judge's findings as to Plaintiff's RLUIPA claim, the Court respectfully disagrees with the Magistrate Judge and finds that genuine issues of material fact preclude summary judgment in either party's favor.

As an initial matter, the Court notes that it does appear Plaintiff conceded at the outset of this case that SCDC's Grooming Policy furthers the government's compelling interests as outlined above. (See ECF No. 17-1 at 5 (stating in his motion for preliminary injunction that assuming Defendant claims the current policy serves these compelling interests, he "concedes to this argument".) And, based on this statement, the Magistrate Judge found that "the parties do not dispute that these interests are compelling," thus ending her analysis of the compelling-interest prong. (ECF No. 70 at 13 (concluding that "the question is whether whether the grooming policy is the least restrictive means of furthering these interests").) Notably, however, in his response to Defendant's objections,

[2] According to Defendant, such "questions are only pertinent to the first prong asking whether there is a compelling penological interest served by the SCDC Grooming Policy." (ECF No. 77 at 4 n.1; *see id.* at 12 (relying on a Fifth Circuit case to support its argument that this analysis in the Report is "immaterial" because the "compelling interest" prong is undisputed).)

Plaintiff clarifies that he “does dispute the penological interest prong of the analysis,” and he further states that “defendant and the Magistrate [Judge] overlooked [his] repudiation that SCDC’s interests are compelling ***in regards to him***.” (ECF No. 83 at 1-2 (emphasis added).) Indeed, to satisfy RLUIPA's compelling interest prong, the government may not rest on only “broadly formulated [institutional] interests,” *Ramirez v. Collier*, 595 U.S. 411 427 (2022) (quoting *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 726 (2014)); instead, it must identify its policy objectives with respect to “the particular claimant whose sincere exercise of religion is being substantially burdened.” *Holt v. Hobbs*, 574 U.S. 352, 363 (2015) (quoting Burwell, 573 U.S. at 726). Thus, for both prongs of its strict scrutiny test, RLUIPA mandates an individualized inquiry. Here, the Court finds that the evidence in the record creates genuine issues of material fact as to whether SCDC’s short-hair Grooming Policy serves the compelling interests identified and is the least restrictive means of advancing these interests ***as applied to Plaintiff***.

Plaintiff argues that the Grooming Policy is underinclusive “as SCDC doesn’t prohibit inmates classified as female, transgender, transgender dysphoria, and/or with a certified medical condition to grow/maintain their hair exceeding one inch in length.” (ECF No. 17-1 at 6, *see also*, *e.g.*, ECF No. 30.) “A policy is underinclusive if it ‘fail[s] to cover significant tracts of conduct implicating [its] animating and putatively compelling interest.’” *Ware v. La Dep’t of Corr.*, 866 F.3d263, 268-69 (alterations in original) (quoting *Ali v.* Stephens, 822 F.3d 776, 785 (5th Cir. 2016). An underinclusive policy “can raise . . . the inference that the government's claimed interest isn't actually so compelling after all.” *Id.* at 269; *see also Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 547 (1993) (“[A] law cannot be regarded as protecting an interest ‘of the highest order’ . .

. when it leaves appreciable damage to that supposedly vital interest unprohibited." (quoting *The Fla. Star v. B.J.F.*, 491 U.S. 524, 541-42 (1989) (Scalia, J., concurring in part and concurring in the judgment))). If a policy is underinclusive, the state must provide an "'adequate explanation for its differential treatment' in order to avoid the conclusion that the policy does not serve a compelling interest." *Ware*, 866 F.3d at 268 (quoting *Ali*, 822 F.3d at 787). When construed in the light most favorable to Defendant, there may be valid reasons to treat Plaintiff differently from female inmates, as set forth in Mr. Patterson's affidavit. However, when construed in the light most favorable to Plaintiff, a reasonable factfinder may conclude that Plaintiff's minimum-security level, disciplinary history, and hygiene standards would allow SCDC to satisfy its security, hygiene, and contraband concerns by applying the female Grooming Policy. Furthermore, there is conflicting evidence in the record regarding the feasibility of SCDC employing a religious exemption to the Grooming Policy. Accordingly, Plaintiff's RLUIPA claim will proceed to trial. Accordingly, the Court sustains Defendant's objection to Report 2's ultimate recommendation on Plaintiffs' RLUIPA claim and finds that the Magistrate Judge erred in concluding that Plaintiff is entitled to summary judgment on his RLUIPA claim.

**B. <u>Equal Protection Claim</u>**

In Report 2, the Magistrate Judge also examined Plaintiff's claim that the enforcement of SCDC's Grooming Policy concerning hair-length violates his Equal Protection rights because he is treated differently from female inmates and from transgender inmates who are permitted to grow their hair longer than one-inch. (ECF No. 70 at 29-35.) As to Plaintiff's claim vis-à-vis female inmates, the Magistrate Judge found that "the parties have not submitted sufficient evidence [to] grant [] summary judgment to

either party on this claim." (*Id.* at 33.) However, as to Plaintiff's claim vis-à-vis transgender inmates, the Magistrate Judge found that "Plaintiff has failed to show he is similarly situated," thereby foreclosing this aspect of his Equal Protection Claim. (*Id.* at 32-33.)

In his objections, Defendant argues that the Report fails to account for the fact that the Magistrate Judge found for Defendant on one "aspect of Plaintiff's Equal Protection claim." (ECF No. 77 at 1.) Defendant states:

> On page 33, the Magistrate Judge writes: "here, where the accommodation Plaintiff seeks is an accommodation provided to transgender and transgender dysphoria inmates in conjunction with their medical providers, Plaintiff has failed to show he is similarly situated." (ECF #70, p. 33).

(*Id.*) Defendant argues that, based on this finding by the Magistrate Judge, he is entitled to summary judgment on that aspect of the Plaintiff's Equal Protection claim. (*Id.*)

After *de novo* review, the Court agrees with Defendant and sustains this objection. As noted, Plaintiff alleges that the enforcement of the Grooming Policy, specifically its hair-length limits, violates his Equal Protection rights because he is treated differently from female inmates **and** from transgender inmates who are permitted to grow their hair longer than one-inch. To succeed on this claim, Plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). As to whether Plaintiff is similarly situated to transgender inmates, the Magistrate Judge found:

> Plaintiff has failed to show that he is similarly situated to transgender and transgender dysphoria inmates, where Defendant has offered undisputed evidence that those inmates "present unique issues related to their medical condition, and accommodations for such inmates, as addressed by SCDC Policy GA-06.09, are made in conjunction with the mental health professionals including such matters as compliance with grooming requirements." [ECF No. 64-2 ¶ 27]. As held by courts in this

> circuit, medical diagnosis differentiates transgender and transgender dysphoria inmates from other inmates. *See, e.g., Monzon v. Spangler*, No. 7:22-CV-00161, 2024 WL 1231743, at *9 (W.D. Va. Mar. 22, 2024) ("Johnson has been diagnosed with gender dysphoria. Monzón has not. Johnson and the other inmates listed by Monzón are not "in all relevant respects alike," and are therefore not similarly situated because medical professionals have diagnosed them with gender dysphoria, a condition Monzón merely claims to have. This dooms Monzón's claim that he did not receive the same equal protection of law as other inmates who have been diagnosed with gender dysphoria.") (citation omitted)).
>
> Although male, transgender, and transgender dysphoria inmates may be similarly situated in some instances, *see, e.g., Pierce v. County of Orange*, 526 F.3d 1190, 1225 (9th Cir. 2008) ("Disabled and nondisabled detainees may be similarly situated in some instances"), here, where the accommodation Plaintiff seeks is an accommodation provided to transgender and transgender dysphoria inmates in conjunction with their medical providers, Plaintiff has failed to show he is similarly situated.

(ECF No. 70 at 32-33.) Thus, the Magistrate Judge's ultimate recommendation – that Defendant's motion for summary judgment as to Plaintiff's Equal Protection claim be denied – "fails to account" for the fact that she found no genuine dispute as to any material fact regarding this aspect of Plaintiff's Equal Protection claim. Under Rule 56(a), the Court may grant summary judgment as to part of a party's claim or claims. *See* Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought."). Thus, while the Court agrees with the Magistrate Judge's ultimate finding above, the Court finds that Defendant is entitled to summary judgment in its favor on ***the part of*** Plaintiff's Equal Protection claim that is based on Plaintiff's allegation that he is being treated differently from transgender inmates.

**C. <u>Crown Act Claim</u>**

As to Plaintiff's Crown Act Claim, the Magistrate Judge noted in a footnote in Report 2 that "[t]he parties have not addressed Plaintiff's claim based on the Crown Act

2024, and the undersigned recommends the district judge dismiss this claim." (ECF No. 70 at 35 n.13.) In his objections, Defendant argues that the Magistrate Judge's ultimate recommendation as stated at the end of her Report fails to account for this finding. (ECF No. 77 at 1-2). After *de novo* review, the Court finds that this objection addresses at most, a mere oversight that does not impact the Magistrate Judge's ultimate recommendation as stated in the concluding paragraph of Report 2, and the Court agrees with the Magistrate Judge's recommendation that this claim be dismissed as stated in her Report.

**D. Preliminary Injunction**

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *United States v. South Carolina*, 840 F. Supp. 2d 898, 914 (D.S.C. 2011) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As the Supreme Court has noted, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22. The decision whether to grant a preliminary injunction is committed to the equitable discretion of the district court. *See Salazar v. Buono*, 559 U.S. 700, 714 (2010); *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007).

Plaintiff filed a motion for a preliminary injunction, asking the Court for an order preventing Defendant from enforcing the Grooming Policy against him so that he may have shoulder-length hair. (ECF No. 42.) Preliminary injunctions may be prohibitory or

mandatory in nature; whereas a prohibitory preliminary injunction seeks to enjoin a party from engaging in certain action during the pendency of the case, mandatory preliminary injunctions "do not preserve the status quo" and compel a party to perform an affirmative act while the action is pending. *Incumaa v. Stirling*, No. 9:17-CV-1608-DCN-BM, 2021 WL 2291787, at *2 (D.S.C. June 4, 2021). Since Plaintiff's motion seeks to enjoin Defendant and any other SCDC personnel from enforcing the applicable SCDC grooming standards against him, the proposed preliminary injunction is prohibitory.[3]

In Report 1, the Magistrate Judge recommends granting Plaintiff's motion for preliminary injunctive relief, enjoining Defendant from enforcing the Grooming Policy against Plaintiff. (ECF No. 40 at 30.) Defendant objects to Report 1 on the ground that "the scope of the preliminary injunction, as recommended, was not supported by the evidence, was far beyond what the Plaintiff has even requested, and violated the limitations on injunctions established by the Prison Litigation Reform Act (PLRA)." (ECF No. 77 at 2.) Relying on the language of the PLRA, 18 U.S.C. § 3626(a)(1)(A), Defendant contends that "any injunctive relief awarded will need to be (1) narrowly drawn (2) extended no further than necessary to correct the violation of the federal rights, and (3) be the least restrictive means necessary to correct the violation of the federal right." (*Id.*)

After *de novo* review, the Court sustains, in part, Defendant's objection, as it agrees that the injunctive relief awarded should be narrowly drawn and the least restrictive means necessary to correct the violation of the federal right. Here, there is no dispute that the

[3] This distinction is noteworthy as "'[m]andatory preliminary injunctive relief in any circumstance is disfavored[] and warranted only in the most extraordinary circumstances.' Where a plaintiff seeks injunctive relief that would disturb the status quo of a state-run prison, principles of federalism present an additional obstacle." *Incumaa v. Stirling*, 2021 WL 2291787, at *2 (D.S.C. 2021) (quoting *Taylor v. Freeman*, 34 F.3d 266, 270 n.2 (4th Cir. 1994)) (internal citation omitted).

hair accommodation that Plaintiff seeks is to maintain shoulder-length hair. (ECF No. 40 at 6.) Thus, while the Court agrees with the Magistrate Judge's findings and adopts the recommendation as stated in Report 1,the Court further clarifies and holds that Defendant is enjoined from enforcing the Grooming Policy's ***hair-length regulations*** as to Plaintiff so that Plaintiff may maintain shoulder-length hair.

## II. Plaintiff's Objections to Report 2

### A. Equal Protection Claim vis-a-vis Female Inmates

Plaintiff filed objections to Report 2's recommendation that the Court deny his motion for summary judgment as to his Equal Protection claim and allow this part of his claim to proceed to trial. (ECF No. 79.) Plaintiff argues that it was error for the Magistrate Judge to cite to *Cox v. Payne*, No. 519CV00054DPMPSH, 2021 WL 906359 (E.D. Ark. Jan. 20, 2021), because (1) "[t]his particular claim is not about a First Amendment violation, but rather a Fourteenth Amendment violation;" (2) only the defendant sought summary judgment in that case; and (3) Plaintiff is arguing the "*Turner* factors." (*Id.* at 1.) Plaintiff contends that he "has shown the disparity in the defendant's treatment towards him." (*Id.* at 2.) He then clarifies that this claim is about "the right to be treated the same in hair grooming accommodations afforded to female inmates." (*Id.*)

After *de novo* review, the Court finds that Defendant is entitled to summary judgment on this aspect of Plaintiff's Equal Protection claim as well. As such, the Court respectfully disagrees with the Magistrate Judge's recommendation, rendering Plaintiff's objections moot. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To that end, the Equal Protection Clause provides

that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985). To establish an Equal Protection claim, a plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated **and** that the unequal treatment was the result of intentional or purposeful discrimination. If he makes this showing, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Veney v.. Wyche,* 293 F.3d 726, 730–31 (4th Cir. 2002) (internal quotation omitted) (emphasis added); *Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir. 2001). In a prison context, this level of scrutiny is "whether the disparate treatment is reasonably related to [any] legitimate penological interests." *Veney v. Wyche,* 293 F.3d 726, 732 (4th Cir. 2022) (internal quotation omitted).

In Report 2, the Magistrate Judge recommends that "Plaintiff's Equal Protection claim vis-a-vis female inmates," proceed to trial because "the parties have not submitted sufficient evidence for grant of summary judgment to either party on this claim." (ECF No. 70 at 33.) The Report focused on the arguments and evidence in the record on the similarly-situated inquiry and whether the disparity in treatment can be justified. The Report, however, failed to address whether Plaintiff has shown that any prison official acted with a discriminatory purpose. To succeed on an Equal Protection claim, a plaintiff must set forth "specific, non-conclusory factual allegations that establish improper motive." *Williams v. Hansen*, 326 F.3d 569, 584 (4th Cir. 2003). "[M]ere conclusory assertions" of discriminatory intent are insufficient. *Id.*

Here, even assuming that Plaintiff, a Muslim in a minimum-security male population, can show that he is similarly situated to minimum security female inmates, the

Court finds that Plaintiff has not alleged the requisite discriminatory intent. *Spaulding v. Dixon,* No. 90–7315, 1990 WL 126136, at *1 (4th Cir.1990) (stating that conclusory allegations of discrimination are insufficient to state a constitutional claim). Rather, Plaintiff argues:

> [t]he fact that . . . female inmates are not required to cut their hair exceeding one (1") inch in length while housed in higher custody facilities or a type of restrictive housing, is prima-facie evidence alone of SCDC's grooming policy unequally treating minimum custody heterosexual males and intentionally and/or purposefully discriminating against them.

(ECF No. 69 at 10.) Importantly, this is not enough to establish an Equal Protection claim. *See Utt v. Brown*, No. 5:12-CT-3132-FL, 2015 WL 5714885, at *13 (E.D.N.C. Sept. 29, 2015) (granting summary judgment in defendant's favor on plaintiff's Equal Protection claim because "there is no evidence that any prison official acted with a discriminatory purpose"); *Coleman v. Jabe,* No. 7:11cv00518, 2012 WL 7801722, at * (W.D. Va. Dec. 26, 2012) ("I find that, even assuming Coleman can show that he is similarly situated with the Christian inmates and that he was treated differently from them, he has not made the requisite showing that such disparate treatment was the result of purposeful or intentional discrimination. Instead, Coleman merely concludes from the disparate treatment that the intent was discriminatory. This is not enough to establish an equal protection claim . . . ."); *McAlister v. Livingston,* 348 F. App'x 923, 938 (5th Cir. 2009) ("McAlister asks us to infer discriminatory intent on the part of TDCJ from his evidence of unequal treatment; this we decline to do. A fact issue regarding whether TDCJ neutrally applies its policy does not constitute proof of discriminatory intent.") Consequently, the Court holds that Defendant is also entitled to summary judgment on this part of Plaintiff's Equal Protection claim.

## CONCLUSION

Accordingly, the Court **adopts, as clarified herein, Report 1 (ECF No. 40)** and **grants** Plaintiff's motion for preliminary injunction (ECF No. 17), thereby enjoining Defendant and any other SCDC personnel from enforcing SCDC's Grooming Policy's ***hair-length regulations*** as to Plaintiff so that Plaintiff may maintain shoulder-length hair.

As to **Report 2 (ECF No. 70)**, the Court **respectfully declines to adopt the Magistrate Judge's recommendation on Plaintiff's RLUIPA claim and declines to adopt the Magistrate Judge's ultimate recommendation on Plaintiff's Equal Protection claim. The Court otherwise adopts and specifically incorporates this Report as set forth herein.** Thus, the Court **sustains in part and overrules in part** Defendant's objections (ECF No. 77), and the Court **finds as moot** Plaintiff's objections. (ECF No. 79.) The Court **denies** Plaintiff's motion for summary judgment (ECF No. 49) and **grants in part and denies in part** Defendant's motion for summary judgment. (ECF No. 64.) Specifically, the Court dismisses Plaintiff's Crown Act 2024 claim; grants summary judgment in Defendant's favor on Plaintiff's Equal Protection claim; and allows Plaintiff's RLUIPA claim to proceed to trial.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 28, 2026
Charleston, South Carolina